## KARNES COUNTY v. CARROLL.
### No. 8380.

Court of Civil Appeals of Texas. San Antonio.
March 19, 1930.

Rehearing Denied April 2, 1930.

J. O. Faith, of Karnes City, for appellant.
Bell & Bell, of San Antonio, for appellee.

COBBS, J.

Appellee brought suit in the county court of Karnes county against appellant to recover for the value of 46 per cent. of her property that was taken and appropriated by it, and for damages sustained to the balance of her property as the result of the appropriation of said 46 per cent. thereof. This property of appellee was described as lot 9, in block 46, of the town of Kenedy, Karnes county, Tex., having a total area of 7,000 square feet, and was occupied by a residence. In April, 1929, appellant, Karnes county, appropriated 46 per cent. of the back part of this lot for a right of way for state highway No. 72.

Appellant answered by general denial and special plea that appellee's damages did not exceed $400.

The case was submitted to a jury upon special instruction from the court, and the jury found that the 46 per cent. of appellee's property taken was of the value of $500, and that the damages to the value of the remaining property, after appropriating 46 per cent. thereof, was the sum of $1,000, and upon their findings judgment was awarded to appellee.

We find no error committed by allowing witness Kauffmann to testify that he knew of a vacant lot that is situated between two and three blocks from appellee's property that was sold by Mr. Thames to the Central Power and Light Company for $6,000. The witness J. A. May testified, among other things: "The Central Power and Light Company paid $6,500.00 for a lot just three blocks from Mrs. Carroll's property," and appellant made no exception or objection to this testimony; therefore the testimony of witness Kauffmann was harmless, and any objection thereto by appellant was waived by its admission of the testimony of J. A. May.

The action of the court in permitting appellee to place on the stand new witnesses in rebuttal of the testimony which appellant had offered was clearly under his control and within his discretion, and no injury or abuse of the court's authority is shown.

The testimony shows that before the building of the highway appellee's lot was worth from $2,500 to $3,500, but after the back part of said lot was taken off by the county, for the building of said highway, the value of the remainder was practically gone.

So, also, does the testimony of the witnesses support the finding that the value of the land taken was $500, and that the damages to the remainder was $1,000. Though this testimony is severely challenged by appellant and is in sharp conflict with testimony offered by appellant, whatever we may think of the jury's finding, there is nothing submitted that would authorize us to disregard it, as it was not done by the trial court who saw and heard the testimony out of the mouths of the witnesses.

Appellee was the owner of said property, consisting of 7,000 square feet, upon which was situated a residence, garage, and other outhouses necessary for residential purposes, and used by her for many years. Many witnesses, who were residents of Kenedy for many years, testified at the trial that they were familiar with the value of the property and supported appellee's claim as to its value, and we do not feel that we should put our judgment against theirs and set it aside.

Upon a careful examination of appellant's brief, assignments, and propositions of law, we find no errors assigned that should cause a reversal. The assignments and propositions of appellant are overruled, and the judgment of the trial court is affirmed.